UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SABRINA DORSETT.,                          §
     *Plaintiff,*                          §
                               §
v.                          §          CIVIL ACTION NO. 4:22-CV-0057
                               §
CENTENE CORPORATION,                          §
     *Defendant.*                          §

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Centene Management Company, LLC's[1] Motion to Dismiss Plaintiff's Employment Discrimination Complaint With Prejudice. ECF 6.[2] Plaintiff filed a response (ECF 14) and Defendant filed a reply (ECF 15). Having considered the parties' submissions and the applicable case law, the Court RECOMMENDS that the Motion (ECF 6) be GRANTED.

## I.      Background

Plaintiff, proceeding *pro se*, filed this employment discrimination suit on January 7, 2022 against Defendant, her former employer. Plaintiff filed a form Employment Discrimination Complaint that includes check boxes for various types of discrimination allegations. ECF 1. Plaintiff checked boxes alleging she was terminated based on her national origin in violation of Title VII of the Civil Rights Act of 1964. ECF 1 at 1-2. However, when describing the alleged discrimination Plaintiff states that Defendant "discriminated based upon [her] disabling condition" and subjected her to "[i]ncreased scrutiny intended to exacerbate [her] disabling condition after

---

[1] In its Motion to Dismiss, Defendant avers that Plaintiff improperly named Defendant as Centene Corporation instead of its actual legal name, Centene Management Company, LLC. ECF 6 at 1.
[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

reporting to Human Resource[s] . . . ." *Id*. at 2.  Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).

## II.     Motion to Dismiss Legal Standards

### A.   Rules 12(b)(4) and 12(b)(5)

"A party may raise insufficient process or insufficient service of process by moving to dismiss under Rules 12(b)(4) or 12(b)(5)." *Crittendon v. Texas Dep't of Health & Human Servs.*, No. H-19-1624, 2019 WL 5927261, at *2 (S.D. Tex. Nov. 12, 2019).  A motion to dismiss under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc*., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (internal quotation omitted).  More specifically, "Rule 12(b)(4) is the proper challenge when it is alleged that the summons and complaint do not properly name the party on whom the summons and complaint is served[,]" and "Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper summons and complaint." *Hopson-Lloyd v. Jones*, No. 9:18-CV-00211, 2019 WL 2383480, at *2 n.1 (E.D. Tex. Mar. 28, 2019) (internal citation omitted), *report and recommendation adopted*, No. 9:18-CV-00211, 2019 WL 2371862 (E.D. Tex. June 4, 2019). The process server's return of service is generally accepted as prima facie evidence that service was proper. *Crittendon*, 2019 WL 5927261, at *2.  If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to prove that service was proper. *Kruger v. Hartsfield*, No. 3:17-CV-01220, 2018 WL 2090743, at *2 (N.D. Tex. April 13, 2018), *report and recommendation adopted*, No. 3:17-CV-01220, 2018 WL 2088388, at *2 (N.D. Tex. May 4, 2018).

### B.  Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III.   Analysis

### A.  Motion to Dismiss for Improper Process and Service of Process

The Court first addresses Defendant's Rule 12(b)(4) and 12(b)(5) arguments asserting insufficient form and service of process.  First, Defendant argues for dismissal under Rule 12(b)(4) because the Summons served by Plaintiff does not the bear the name of the Court, is not directed at Defendant, and does not bear the Court's seal.  ECF 6 at 4.  Federal Rule of Civil Procedure 4 requires that the Summons "name the court and the parties" and "be directed to the defendant." FED. R. CIV. P. 4(a)(1)(A)-(B).  The Rule also requires that the Summons "bear the court's seal." FED. R. CIV. P. 4(a)(1)(G).  Plaintiff's Summons is defective because it (1) does not name this Court, or any court; (2) is directed to "Centenne Corporations," not Centene Management, LLC— Defendant's actual name;  and (3) does not bear the seal of this Court.  Nevertheless, "[d]efects in the summonses 'are not fatal if they do not prejudice the defendant.'" *Pharmerica, Inc. v. DSJ*

*Healthcare, Inc.*, No. 4:99-cv-242, 2010 WL 4962974, at *3 (E.D. Tex. Oct. 22, 2010) (quoting *Warfield v. Byron*, 137 F. App'x 651, 655 (5th Cir. 2005), *report and recommendation adopted*, 2010 WL 4955724 (E.D. Tex. Dec. 1, 2010)).  Here, Defendant has not shown it was prejudiced by the defective summons.  Accordingly, the motion to dismiss for insufficient process under Rule 12(b)(4) should be denied.

Next, Defendant argues for dismissal under Rule 12(b)(5) because the Summons was not served with a copy of the Complaint as required by Rule 4(c) and Plaintiff failed to satisfy Rule 4(h).  Rule 4(c) requires that the summons be served with a copy of the complaint.  Here, Plaintiff's Affidavit of Service states the Summons was served with the Order for Conference and Disclosure of Interested Parties and the Notice of Right to Sue but omits any mention of the Complaint.  ECF 4 at 1.  When service of process is challenged, the serving party bears the burden of providing its validity.  *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  In her Response to Defendant's Motion to Dismiss Plaintiff fails to address whether a Summons was served with a copy of the Complaint.  Thus, Plaintiff has not met her burden to show valid service of process under Rule 4(c).

Nor has Plaintiff addressed Defendant's argument that the service of process failed to comply with Rule 4(h).  Rule 4(h) requires a party serving a corporation, partnership, or association to conform with the forum state's law for service of process or deliver a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process.  Texas law provides that service of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. TEX. BUS. ORG. CODE §§ 5.201(a) and 5.255(1).  Here, the Affidavit of Service reflects that Plaintiff served a copy of the Summons on Marilyn Rich, who according to Defendant,

is "not an officer, managing or general agent, president, vice president, or registered agent of the Defendant." ECF 6 at 5. Accordingly, Plaintiff's service did not comply either with the requirements of Federal Rule of Civil Procedure 4(h) or Texas law. Thus, Plaintiff's attempted service was insufficient.

Rule 4(m) provides:

> [if] a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure the court must extend the time for service for an appropriate period.

More than 90 days have passed since Plaintiff filed her Complaint. Ordinarily, the Court would order Plaintiff to effect service of process on Defendant within a specified time. However, as explained below, an extension to effect proper service in this case would be futile because the Court finds the Complaint fails to state a claim. *See Green v. Harris Cty.*, No. H-16-893, 2019 WL 338243, at *6 (S.D. Tex. Jan. 28, 2019) (declining to permit plaintiff to remedy defective service because doing so would be futile where plaintiff failed to state claim under Rule 12(b)(6)).

**B.  Motion to Dismiss for Failure to State a Claim**

As an independent basis for dismissal, Defendant argues the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) because Plaintiff failed to timely file suit, resulting in her claims being time-barred. ECF 6 at 6-8.

A plaintiff in an employment discrimination case must exhaust administrative remedies before pursuing her claim in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* (citation omitted). After receiving a right-to-sue letter, a plaintiff has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1); *Jenkins v. City*

*of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015).  Although "pro se complaints are held to less stringent standards," courts construe the pre-filing requirements of Title VII strictly. *Taylor*, 296 F.3d at 378-79.  Indeed, courts within this circuit have dismissed cases in which a plaintiff missed the ninety-day period by just one or two days.  *See, e.g.*, *Rinngold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (affirming dismissal of suit filed ninety-two days after EEOC decision was delivered to attorney); *Butler v. Orleans Parish Sch. Bd.*, No. Civ. A. 00-0845, 2001 WL 1135616, at *2-3 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period).  Therefore, a complaint filed more than 90 days after the EEOC notice is received by the plaintiff must be dismissed as time-barred under Rule 12(b)(6) or Rule 56 unless the plaintiff "establishes, for some justifiable reason, that the limitations period should be equitably tolled." *Bowers v. Potter*, 113 F. App'x 610, 613 (5th Cir. 2004); *Baker v. McHugh*, No. 15-41439, 672 F. App'x 357, 360-61 (5th Cir. 2016) (per curiam) (affirming dismissal while noting that the district court erred in dismissing under Rule 12(b)(1) rather than 12(b)(6)).

After conducting its investigation into Plaintiff's claim of discrimination, the EEOC issued its Right-to-Sue Letter, which Plaintiff alleges she received on October 7, 2021.  ECF 1 at 1; ECF 1-1.  Accordingly, Plaintiff had 90 days from the date she received the letter, until January 5, 2022, to file a timely Title VII claim.  Plaintiff did not file her complaint until January 7, 2022—more than 90 days after Plaintiff received the Right-to-Sue Letter.  Therefore, Plaintiff's claim is time-barred unless she demonstrates a justifiable reason for equitable tolling of the limitations period.

The Fifth Circuit has identified three potential bases for equitable tolling of the Title VII limitations period: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's

intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 548 (5th Cir. 2010) (citing *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003)).  In her Response to the Motion to Dismiss, Plaintiff fails to identify any facts that could support equitable tolling of limitations on her claims. Because Plaintiff failed to timely file her Title VII claim within the ninety-day period and failed to provide facts showing she is entitled to equitable tolling of limitations, her claim should be dismissed as untimely.

### IV.     Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 6) be GRANTED and Plaintiff's claim be DISMISSED WITH PREJUDICE.

The Court of the Clerk shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 26, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge